UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DARNELL E. WILLIAMS and YESSENIA M. TAVERAS, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Civil No. 16-11949-LTS |
| ELISABETH DEVOS,[1] in her official capacity as Secretary of the U.S. Department of Education and STEVE MNUCHIN, in his official capacity as Secretary of the U.S. Department of the Treasury, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

ORDER

July 27, 2017

SOROKIN, J.

The Motion Hearing scheduled for August 2, 2017, is CANCELLED. The Court Orders

all claims against Defendant Mnuchin DISMISSED as Plaintiffs request voluntary dismissal and

Defendants do not oppose. See Doc. No. 23, 26 at 1 n.2; Fed. R. Civ. P. 41(a)(1)(A). Thus, one

issue remains: the Secretary of Education's Motion to Dismiss, Doc. No. 18, which Defendant

has confined solely to an argument that the Court lacks subject matter jurisdiction under Rule

12(b)(1). In reviewing the operative complaint and the parties' submissions, Plaintiffs appear to

claim first that the Secretary, before rendering a final certification decision, must consider

information known to her even when the borrower fails to respond to the notice of possible

---

[1] See Fed. R. Civ. P. 25(d).

certification. This claim might not be capable of proper resolution on a Rule 12(b)(1) motion.

For example, if Plaintiffs were correct (something the Court offers no opinion on currently) then,

perhaps, the claim is exhausted; that is the Plaintiffs are merely saying the Secretary improperly

disregarded certain general information she knew but failed to consider or failed to weigh

properly when she made the certification decision. This "exhaustion" question then may itself be

intertwined with the merits. Second, Plaintiffs appear to claim that in response to the letter or

filing from the Attorney General for the Commonwealth of Massachusetts, the Secretary had to

consider the letter both as an objection to certification made by each of these two individual

Plaintiffs supported by the information provided by the Commonwealth's Attorney General and

as a request for an individualized determination as to each of the two named Plaintiffs.  Thus,

Plaintiffs appear to claim, at least as of the date of the letter, that the two Plaintiffs did exhaust.

Whether the letter is sufficient might raise a question intertwined with the merits not properly

capable of resolution on a Rule 12(b)(1) motion.

Accordingly, counsel are requested to consider the foregoing issues, confer with each

other, and file a joint status report suggesting their joint or separate proposals as to the proper

and efficient means for resolution of Plaintiffs' complaint and briefly the reasons for the

proposal(s) and whether, for example, the parties propose proceeding to a hearing on the pending

motion as briefed, possible further briefing, conversion of the motion to a different type of

dispositive motion possibly augmented or some other course. At the moment, the Court is not

inviting further briefing by any party. The Court recognizes that the Defendant's motion also

challenges under Rule 12(b)(1) the prayer for injunctive relief and the complaint to the extent it

seeks relief on behalf of persons other than the two named Plaintiffs. These two aspects of the

motion are not implicated by the issues raised in this Order. The parties shall file the Joint Status

Report by August 31, 2017. The Joint Status Report may propose dates for a hearing on the

Motion to Dismiss. The Motion to Continue, Doc. No. 31, is DENIED AS MOOT in light of the

Court's order.

                                           SO ORDERED.

                                         /s/ Leo T. Sorokin
                                         Leo T. Sorokin
                                         United States District Judge