UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DARNELL E. WILLIAMS and YESSENIA M. TAVERAS, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )    C.A. No. 16-11949-LTS |
| ELISABETH DEVOS, *in her official capacity as Secretary of Education,* | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

**UNOPPOSED MOTION TO ORDER THE LIMITED DISCLOSURE OF THE MEMORANDUM SUBMITTED BY THE MASSACHUSETTS ATTORNEY GENERAL TO THE U.S. DEPARTMENT OF EDUCATION**

By and through their undersigned counsel, Plaintiffs respectfully request that the Court order the limited disclosure of a 60-page Memorandum submitted on November 30, 2015 by the Massachusetts Attorney General to the U.S. Department of Education ("Memorandum") subject to a Protective Order, as further set forth below:

1. This is an action pursuant to the Administrative Procedure Act and Declaratory Judgment Act challenging the Secretary of Education's certification of Plaintiffs' student loan debt for collection through the Treasury Offset Program.

2. Prior to the filing of this action, on November 30, 2015, the Massachusetts Attorney General submitted the Memorandum and appendices and exhibits ("attachments") to the U.S. Department of Education alleging that Everest Institute had defrauded its students. The Massachusetts Attorney General has described these materials in its Amicus Brief (Document. No. 29), and refers to these materials, collectively, as a defense to repayment application ("DTR Application").

1

3. Plaintiffs do not have access to the DTR Application or any of its components, including the Memorandum.

4. Plaintiffs' counsel have conferred with the attorneys for the Defendant and for the Massachusetts Attorney General, and are advised that the Memorandum relies on, contains, incorporates and attaches information obtained by the Massachusetts Attorney General pursuant to a Civil Investigative Demand ("CID"). Pursuant to Massachusetts law, materials and information produced pursuant to a CID from the Massachusetts Attorney General shall not be disclosed except with the consent of the producing party or pursuant to a court order upon a showing of good cause in accordance with M.G.L. ch. 93A, § 6(6). In addition, Plaintiffs' counsel are advised that the Memorandum was provided by the Massachusetts Attorney General to the U.S. Department of Education pursuant to a "Common Interest Agreement," which precludes its disclosure unless otherwise required by law, administrative order or court order.

5. Plaintiffs submit that, in order for the parties to resolve their dispute regarding the proper scope of the administrative record, and for this Court to evaluate the merits of Plaintiffs' civil action, both the Court and the Plaintiffs need to review the Memorandum. As such, good cause exists for its disclosure.

6. Defendant does not object to the limited disclosure of the Memorandum for the purposes outlined in paragraph 6, but does object to the public disclosure of the Memorandum or information contained therein, the disclosure of the attachments, and the disclosure of any Privacy Act or M.G.L. ch. 93H protected information relating to individuals other than the two Plaintiffs in this case. The parties agree that these concerns can be addressed by: (1) disclosure of the Memorandum, but not the attachments; (2) the redaction of any Privacy Act or M.G.L. ch. 93H protected information of third parties contained in the Memorandum; and (3) the Court

entering a Protective Order. As such, the parties have filed contemporaneously herewith, a Joint Motion for a Protective Order and a Proposed Protective Order.

7. Plaintiffs' counsel have conferred with the attorneys for the Defendant and the Massachusetts Attorney General, and neither the Defendant nor the Massachusetts Attorney General will oppose this motion for disclosure subject to the limitations set forth in paragraph 6.

> Respectfully submitted,
>
> DARNELL WILLIAMS and YESSENIA TAVERAS,
>
> By their attorneys,
>
> By: */s/ Alec P. Harris*
> Alec P. Harris, BBO No. 601127
> Toby R. Merrill, BBO No. 601071
> Deanne B. Loonin, BBO No. 668231
> Eileen M. Connor, BBO No. 569184*
> Legal Services Center of Harvard Law School
> 122 Boylston Street
> Jamaica Plain, MA 02130
> (617) 522-3003
>
> *Application for admission pending*
>
> Dated: October 13, 2017

**Local Rule 7.1. Certificate**

I, Alec Harris, have conferred with the attorneys for the Defendant and the Massachusetts Attorney General, and neither the Defendant nor the Massachusetts Attorney General will oppose this motion for disclosure subject to the limitations set forth in paragraph 6.

Dated: October 13, 2017                     */s/ Alec P. Harris*
                                             Alec P. Harris

## **CERTIFICATE OF SERVICE**

       I, Alec Harris, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants by First Class Mail.

Dated: October 13, 2017                          */s/ Alec P Harris*
                                                                 Alec P. Harris