UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DARNELL E. WILLIAMS and YESSENIA M. TAVERAS, <br><br> Plaintiffs, <br><br> v. <br><br> ELISABETH DEVOS, *in her official capacity as Secretary of Education,* <br><br> Defendant. | C.A. No. 16-11949-LTS |

**PROTECTIVE ORDER**

Pursuant to the provisions of M.G.L. ch. 93A § 6 (6), the Privacy Act of 1974, 5 U.S.C. § 552a and regulations promulgated thereunder (the "Federal Privacy Act"), and M.G.L. ch. 93H, §§ 1-6 and regulations promulgated thereunder (the "Massachusetts Privacy Act"), the Court enters this Protective Order upon the joint motion of the Plaintiffs and the Defendant (the "Parties"), for the purpose of assuring the confidentiality of certain information.

1. This Stipulation and Protective Order ("Protective Order") shall govern the request, production, maintenance, copying, use, and disclosure of the 60-page memorandum submitted on November 30, 2015 by the Massachusetts Attorney General to the U.S. Department of Education ("Memorandum").

2. The Memorandum shall not be disclosed, without the express consent of the producing party or by specific order of the United States District Court, District of Massachusetts ("the Court"), to any person other than the Parties, except that the Memorandum may be released to:

    a.    Plaintiffs;

       b.       Plaintiffs' attorney(s) and their staff;

       c.       Defendant;

       d.       the U.S. Attorney's Office and its staff;

       e.       any other federal agency that may require access during the course of this litigation;

       f.       the Court, court employees, court reporters, stenographic reporters, jurors, and all other persons necessary to the conduct of pre- and post-trial motions, depositions, mediation, hearings, and trial;

       g.       witnesses and deponents;

       h.       experts consulted or hired by the Parties; and

       i.       any other person whom the Parties agree in writing or whom the Court specifically directs may review the Memorandum.

3. Nothing in Paragraph 2 shall limit the Plaintiffs' attorneys' use of information contained in the Memorandum to the extent that information is obtained through an independent source.

4. Persons who have access to the Memorandum shall comply with the provisions of the Federal Privacy Act and the Massachusetts Privacy Act, if applicable, and shall follow procedures sufficient to prevent any disclosure of information that would constitute an unwarranted invasion of personal privacy while such information is in their custody.

5. Any portions of deposition testimony, interrogatories, document requests, requests for admissions, depositions, and any other means of obtaining discovery, and any responses to any of these, which contain or refer to the Memorandum or its contents, shall be subject to this Protective Order.

6. Nothing herein shall preclude any party to this action from moving to vacate or modify this Protective Order or any provision thereof.

7. By providing the Memorandum, the producing party has not waived or compromised the confidentiality of the Memorandum and expressly retains, without waiver, any privileges or protections applicable or relating to the Memorandum as to any other action, investigation, case, matter or party.

8. Nothing in this Protective Order shall prohibit, during the litigation of this matter, the use of the Memorandum in pre- and post-trial motions, depositions, mediation, hearings, and trial. Such use shall not constitute a waiver (express or implied) of the provisions of the Protective Order.

9. To the extent that the Federal Privacy Act may apply to the Memorandum, this Protective Order constitutes an exemption to the provisions of the Federal Privacy Act, embodied in 5 U.S.C. § 552a(b)(11), which concerns the disclosure of records of such information.

10. The provisions of this Protective Order shall survive the termination of this action, except to the extent that the Memorandum becomes part of the public record at trial.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| DARNELL WILLIAMS and YESSENIA TAVERAS, | DEFENDANT ELISABETH DEVOS, in her official capacity as Secretary of Education, |
| By their attorneys, | By her attorneys, |
| | WILLIAM D. WEINREB<br>Acting United States Attorney |
| By: */s/ Alec P. Harris*<br>Alec P. Harris, BBO No. 601127<br>Toby R. Merrill, BBO No. 601071<br>Deanne B. Loonin, BBO No. 668231<br>Eileen M. Connor, BBO No. 569184*<br>Legal Services Center of Harvard Law School<br>122 Boylston Street<br>Jamaica Plain, MA 02130<br>(617) 522-3003 | By: */s/ Jessica P. Driscoll (by APH)*<br>Jessica P. Driscoll, BBO No. 655394<br>Assistant United States Attorney<br>United States Attorney's Office<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA  02210<br>(617) 748-3398<br>Jessica.Driscoll@usdoj.gov |
| * *Application for admission pending* | |
| Dated:  October 13, 2017 | Dated:  October 13, 2017 |

**SO ORDERED:**

/s/ Leo T. Sorokin
_____
HON. LEO T. SOROKIN
U.S. District Judge
District of Massachusetts

Dated:  10/16/2017