UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DARNELL E. WILLIAMS and YESSENIA M. TAVERAS,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELISABETH P. DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>*Defendant*. | Civil Action No. 16-11949-LTS |

### MOTION TO IMPOUND

Pursuant to Local Rule 7.2, Plaintiffs respectfully move to impound a 60-page memorandum submitted on November 30, 2015, by the Massachusetts Attorney General to the U.S. Department of Education ("DTR Application") as further set forth below:

1. This is an action pursuant to the Administrative Procedure Act and Declaratory Judgment Act challenging the Secretary of Education's certification of Plaintiffs' student loan debts for collection through the Treasury Offset Program.

2. Prior to the filing of this action, on November 30, 2015, the Massachusetts Attorney General submitted the DTR Application and appendices and exhibits to the U.S. Department of Education alleging that Everest Institute had defrauded its students. The Massachusetts Attorney General has described these materials in its Amicus Brief (Doc. No. 29), and refers to these materials, collectively, as a defense to repayment application.

3. Upon Plaintiffs' unopposed motion (Doc. No. 36), the Court ordered the limited disclosure of the DTR Application to the Plaintiffs (Doc. No. 39), subject to a protective order

(Doc. No. 40). The protective order prohibits public disclosure of the DTR Application absent consent of the parties or a court order but expressly allows disclosure to the Court. Defendant subsequently disclosed the DTR Application to the Plaintiffs with personally identifiable information redacted.

4. In conjunction with this Motion to Impound, Plaintiffs have filed a Motion to Supplement the Administrative Record with the DTR Application. Plaintiffs believe that providing the DTR Application to the Court, under seal, will help the Court resolve the Motion to Supplement.

5. Plaintiffs request that only the DTR Application itself be impounded. Plaintiffs request that impoundment last until further order from the Court.[1] If impoundment ends, Plaintiffs recommend that the Court securely destroy the filed version of the DTR Application because both parties retain electronic copies of the document.

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that the Court order impoundment of the DTR Application.

Respectfully submitted,

By: /s/ Alec P. Harris
Alec P. Harris, BBO No. 601127
Eileen M. Connor, BBO No. 569184*
Toby R. Merrill, BBO No. 601071
Deanne B. Loonin, BBO No. 668231
LEGAL SERVICES CENTER OF HARVARD
LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
(617) 522-3003

---

[1] As part of their Motion to Supplement the Record and Permit Limited Discovery, filed concurrently with this motion, Plaintiffs have requested that the Court order a redacted version of the DTR Application be added to the public record.

        *Attorneys for Plaintiffs*

        *\* Admission pending*

        Luke Dowling, law student on the motion

Dated: December 1, 2017

## LOCAL RULE 7.1 CERTIFICATE

I have conferred with Assistant U.S. Attorney Jessica Driscoll, who advises that the Defendant does not object to the DTR Application being filed under seal with the Court pursuant to the Protective Order agreed upon by the parties and entered in this case (Doc. No. 40), but objects to the public disclosure of the DTR Application in any fashion.

        */s/ Alec P. Harris*
        Alec P. Harris

Dated: December 1, 2017

## CERTIFICATE OF SERVICE

I, Alec Harris, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants by First Class Mail.

        */s/ Alec P. Harris*
        Alec P. Harris

Dated: December 1, 2017