UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

DARNELL E. WILLIAMS and YESSENIA M. TAVERAS,

        Plaintiffs,

v.

ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education,

        Defendant.
_____

Civil Action No. 16-11949-LTS

# DEFENDANT'S SUPPLEMENTAL MEMORANDUM REGARDING SUBJECT MATTER JURISDICTION

Defendant provides this supplemental filing to alert the Court to a jurisdictional issue that it intends to raise in support of its cross motion for judgment.

Defendant has argued on a motion to dismiss and in her cross motion for judgment that the Court lacks jurisdiction over Plaintiffs' Complaint. In preparation for tomorrow's hearing, the undersigned Assistant U.S. Attorney has become aware of another legal basis for this assertion, which Defendant intends to raise in support of her motion. See, e.g., Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884) (challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question *sua sponte*); Fed. R. Civ. P. 12(h)(3).

Specifically, the Court lacks subject matter jurisdiction over Plaintiffs' Complaint under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. ("APA") because this action – which alleges that the Plaintiffs' student loan debts were not legally enforceable at the time the Secretary certified them for offset – is essentially an unlawful exaction claim governed by the Little Tucker Act. See 28 U.S.C. § 1346(a); see, e.g., Flander v. United States, No. 2018-1184, 2018 WL 2470918 at *2 (Fed. Cir. June 4, 2018) ("In the context of the Treasury Offset Program, 'an illegal exaction would arise if there was no

legally enforceable debt.'") (quoting Kipple v. United States, 102 Fed. Cl. 773, 777 (2012)). There is, therefore, no subject matter jurisdiction under the APA, which does not govern claims against the United States for money damages or claims for which there is another adequate remedy in a court. 5 U.S.C. §§ 702, 704.

In light of the above, the undersigned attorney consulted with the attorneys for the Plaintiffs by telephone today in advance of tomorrow's hearing. Plaintiffs disagree that their claims are governed by the Little Tucker Act, dispute the above stated jurisdictional argument, and assert that the Court has jurisdiction under the APA.

Both parties reserve the right to submit supplemental briefing on this issue with the Court's permission.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: */s/ Jessica P. Driscoll*
Jessica P. Driscoll, BBO No. 655394
Assistant United States Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3398
Dated: July 26, 2018         Jessica.Driscoll@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Jessica P. Driscoll, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants by First Class Mail.

*/s/ Jessica P. Driscoll*
Jessica P. Driscoll
Dated: July 26, 2018         Assistant United States Attorney