UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DARNELL E. WILLIAMS and <br> YESSENIA M. TAVERAS, <br><br> Plaintiffs, <br><br> v. <br><br> ELISABETH DEVOS,[1] in her official capacity as <br> Secretary of the U.S. Department of Education, <br><br> Defendant. | Civil No. 16-11949-LTS |

ORDER

February 6, 2019

SOROKIN, J.

On October 24, 2018, the Court entered judgment in this matter in favor of plaintiffs Darnell E. Williams and Yessenia M. Taveras, remanding the matter to defendant Secretary of Education Elisabeth Devos "for redetermination of her certification decision, including consideration of the borrower defense asserted by Attorney General [Maura] Healey's letter, Doc. No. 47-1, on behalf of Williams and Taveras." Doc. No. 99 at 30. The Court also ordered the Secretary to "report on the status and timing of her decision" by December 24, 2018. Id.

The Secretary timely filed her report on December 20, 2018. See Doc. No. 101. The report described letters sent on December 12, 2018, to each of the plaintiffs, which, with respect to Williams, requested additional information about his application for borrower defense. Id.; Doc. No. 101-1 at 2. The Secretary's report did not provide any information about when she

---

[1] See Fed. R. Civ. P. 25(d) (providing for automatic substitution of successor to public official).

expected to render a decision about the merits of the plaintiffs' applications for borrower defense. The plaintiffs filed a letter with the Court on January 2, 2019, that observed this deficiency and further objected to the Secretary's "demand" for more information from Williams, arguing that it was "at odds with the Court's determination" that a borrower defense proceeding had already been invoked on Williams's behalf. Doc. No. 102 at 1.

As a result of these filings, the Court held a status conference in this matter on February 5, 2019.[2] At the status conference, counsel for the Secretary informed the Court that she had no information about the expected timing of the Secretary's decision on the plaintiffs' applications for borrower defense. Counsel referred to other litigation about the borrower defense application process but did not explain with specificity how that litigation has delayed or will delay the Secretary's decision. In-house counsel for the Department of Education, who appeared by phone, stated that the Department has begun its review of the plaintiffs' borrower defense applications and expects that, without further submissions in response to the December 12, 2018, letters to the plaintiffs, the applications will be denied. However, counsel further informed the Court the Secretary might exercise her discretion to discharge the plaintiffs' debts without considering the merits of the applications for borrower defense, provided that such a discharge would moot this case.

The plaintiffs were unmoved by the Secretary's willingness to discharge the debts on a discretionary basis. They argued that the discharge would not relieve the Secretary of her obligation—created by the Court's prior Order—to decide plaintiffs' applications for borrower defense on the merits, and further requested that the Court order the Secretary to render such a

---

[2] The status conference was originally scheduled for January 16, 2019, but was continued because of the lapse in appropriations that began on December 22, 2018 and ended on January 25, 2019. See Docs. No. 104, 105, 106.

decision within 60 days. Plaintiffs also stated that they did not intend to submit additional information, such as the information requested by the Secretary's letter to Williams, to inform her decision about their applications.

After further discussion, however, counsel for the Secretary did not explain why a 60-day period, rather than a shorter period, would be necessary to provide adequate time for a reasoned decision, nor did any counsel object to a 30-day period. Accordingly, the Court ORDERS the Secretary to (1) render a decision on the merits of the plaintiffs' applications for borrower defense, including the claims asserted by Attorney General Healey's letter, Doc. No. 47-1, by March 18, 2019 and (2) inform the Court of her decision by the same date. If any party, including Attorney General Healey, wishes to submit additional information to inform the Secretary's decision, such information shall be submitted to the Secretary by close of business on February 15, 2019.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge