UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DARNELL E. WILLIAMS and <br> YESSENIA M. TAVERAS, <br> <br> Plaintiffs, <br> <br> v. <br> <br> ELISABETH DEVOS,[1] in her official <br> capacity as Secretary of the U.S. <br> Department of Education, <br> <br> Defendant. | Civil No. 16-11949-LTS |

ORDER ON STIPULATION OF DISMISSAL (DOC. NO. 131)

May 9, 2019

SOROKIN, J.

On October 24, 2018, the Court entered judgment in this matter in favor of plaintiffs Darnell E. Williams and Yessenia M. Taveras on both actions then pending in this matter. Doc. No. 99 at 29–30; see also Doc. No. 5 at 14–16 (outlining the two causes of action). After the parties submitted status reports on defendant Secretary of Education Elisabeth Devos's compliance with the judgment, Doc. Nos. 101, 102, the Court held a hearing, see Doc. Nos. 106, 109, 110, and thereafter ordered the Secretary to take certain steps pursuant to the Court's judgment by March 18, 2019, Doc. No. 108.

On February 26, 2019, the parties jointly moved to stay the Court's Order, reporting that they had "reached a settlement in principle" of the outstanding disputes but required more time

---

[1] See Fed. R. Civ. P. 25(d) (providing for automatic substitution of successor to public official).

to finalize its terms. Doc. No. 112. The Court then stayed its Order, Doc. No. 108, for ninety days. Doc. No. 113.

The parties have now filed a stipulation of dismissal that asks the Court to vacate its prior Order, Doc. No. 108, and enter an Order of dismissal with prejudice. Doc. No. 131. Fed. R. Civ. P. 41(a)(1)(A)(ii), to which the stipulation cites, provides that "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." However, the Court has entered judgment on both actions in this matter, see Doc. No. 99 at 29–30, and no actions now remain to dismiss.

Although the parties are free to move instead for relief from the judgment under Fed. R. Civ. P. 60(b), that rule, unlike Fed. R. Civ. P. 41(a), requires a showing that there "exist[s] exceptional circumstances that justify extraordinary relief." Simon v. Navon, 116 F.3d 1, 5 (1st Cir. 1997) (citations and internal quotations omitted). And, in the typical case, "nothing in settlement alone would . . . supply the exceptional or extraordinary circumstances necessary to justify relieving the parties from the res judicata consequences of the judgment entered." Vertex Surgical, Inc. v. Paradigm Biodevices, Inc., 648 F. Supp. 2d 226, 232 (D. Mass. 2009). This is largely because the party against whom judgment entered—here, the Secretary—must "demonstrate not merely equivalent responsibility for the mootness, but equitable entitlement to the extraordinary remedy of vacatur." U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 26 (1994). Here, the Secretary has made no attempt to make such a demonstration.

However, the Court's post-judgment Order, Doc. No. 108, was equitable relief directed at ensuring the Secretary's compliance with the judgment. Given that the parties' stipulation appears to signify that the plaintiffs are now satisfied with the Secretary's compliance with the

Court's judgment, the basis for such equitable relief no longer exists. Accordingly, the Court's Order, Doc. No. 108, is VACATED.

The motion to enforce judgment or, in the alternative, to intervene, Doc. No. 115, remains under advisement.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge