UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| DARNELL E. WILLIAMS and YESSENIA M. TAVERAS, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil No. 16-11949-LTS |
| ELISABETH DEVOS,[1] in her official capacity as Secretary of the U.S. Department of Education, | ) ) ) ) | |
| Defendant. | ) ) ) | |

ORDER ON MOTION TO COMPEL COMPLIANCE WITH THE COURT'S
ORDER OR, IN THE ALTERNATIVE, TO INTERVENE (DOC. NO. 115)

August 8, 2019

SOROKIN, J.

On October 24, 2018, the Court entered judgment in this matter in favor of plaintiffs Darnell E. Williams and Yessenia M. Taveras. Doc. No. 99 at 29–30. On February 6, 2019, because the parties initially disputed defendant Secretary of Education Elisabeth Devos's compliance with the judgment, see Doc. Nos. 101, 102, the Court ordered the Secretary to take certain steps pursuant to the Court's judgment, Doc. No. 108.

Thereafter, on February 26, 2019, during the parties' dispute, the Commonwealth of Massachusetts ("the Commonwealth") moved to compel the Secretary's compliance with the Court's Order, Doc. No. 99, pursuant to Fed. R. Civ. P. 71, or, in the alternative, to intervene pursuant to Fed. R. Civ. P. 24. Doc. No. 115. The Secretary opposed. Doc. No. 122. The

---

[1] See Fed. R. Civ. P. 25(d) (providing for automatic substitution of successor to public official).

plaintiffs filed a memorandum in support of the Commonwealth's motion. Doc. No. 123. The Commonwealth filed a reply, Doc. No. 127, and the Secretary filed a surreply, Doc. No. 130.

On May 7, 2019, the parties informed the Court that they had resolved their dispute about the Secretary's compliance with the judgment, Doc. No. 131, and the Court then vacated its Order, Doc. No. 134, while keeping the Commonwealth's motion under advisement. For the reasons stated herein, the Court now DENIES the Commonwealth's motion in its entirety.

The Commonwealth's motion arises essentially out of continued dispute about the Secretary's legal duties in the wake of the Court's Order, Doc. No. 99, entering judgment in this matter. The Commonwealth argues that the Court's judgment in this matter requires the Secretary to treat Attorney General Maura Healey's November 30, 2015, letter to the Secretary, which Attorney General Healey calls a "defense to repayment" application ("the DTR"),[2] as having invoked a borrower defense proceeding as to all of the 7,200 students listed on its Exhibit 4. Doc. No. 116 at 1–2; see Doc. No. 47-1 at 6.[3] The Commonwealth alleges that the Secretary has adopted a different interpretation of the judgment, which it argues is incorrect: that the judgment required her to treat the DTR as having invoked a borrower defense proceeding only as the two plaintiffs in this action. Doc. No. 116 at 2. For that reason, the Commonwealth seeks either to enforce the judgment as a nonparty or to intervene. Id. at 6.

Fed. R. Civ. P. 71 provides that "[w]hen an order grants relief for a nonparty . . . the procedure for enforcing the order is the same as for a party." The rule is "intended to assure that

---

[2] The Court refers to Attorney General Healey's writing using the name she gave the document in her amicus brief before the Court. See Doc. No. 29.

[3] The Court's Order entering judgment in this matter described the Secretary's regulatory scheme for federal student loan discharge in great detail. See Doc. No. 99 at 12–14. Because the Court assumes familiarity with the Secretary's regulations and the history of this litigation, it does not recount that detail in this Order.

process be made available to enforce court orders in favor of and against persons who are properly affected by them, even if they are not parties to the action." Lasky v. Quinlan, 558 F.2d 1133, 1137 (2d Cir. 1977).

The plaintiffs commenced this litigation on September 28, 2016, nearly three years ago. Doc. No. 1. On October 24, 2018, after more than two years of motion practice, the Court entered judgment in favor of the plaintiffs. Doc. No. 99. The express terms of the judgment did not grant express relief to anyone other than the named plaintiffs, and the Court had previously dismissed the plaintiffs' claim for non-class declaratory relief benefiting a larger group of persons. Doc. No. 35. On May 7, 2019, after an initial dispute about the Secretary's compliance with the Court's judgment, the parties reached a mutually satisfactory agreement. See Doc. No. 131. Despite this litigation's long history and the parties' significant progress toward resolving the underlying matters, the Commonwealth moved to intervene well over two years after this matter began and after judgment entered.

Intervention as of right is not available given the express terms of the judgment noted above. Permissive intervention is not warranted. Defendants did not appeal from the judgment. The time to do so has now passed. Whatever the significance of the alleged disregard of the rulings, findings, and legal principles set forth in the Court's decision resulting in and constituting the judgment may be, the considerations factoring into whether to grant permissive intervention counsel against doing so. See Chase Manhattan Bank (Nat. Ass'n) v. Corporacion Hotelera De P.R., 516 F.2d 1047, 1050 (1st Cir. 1975); McDonald v. E. J. Lavino Co., 430 F.2d 1065, 1072 (5th Cir. 1970). This is particularly true where the Commonwealth may, subject to the considerations which would in any event govern intervention, file a new lawsuit. Such a new lawsuit would not unduly tax judicial resources as compared to intervention. Any such future

3

matter would likely present many of the "same or similar claims or defenses" and "involve substantially the same questions of fact and law" as in this matter, and thus a prospective plaintiff could "notify the clerk by notation on the local civil category sheet" that the new pleading is related to this case.  See L.R. 40.1(g).  The Court would expect that any such lawsuit would then proceed expeditiously.

For the reasons described herein, the Commonwealth's motion to compel compliance with the Court's Order or, in the alternative, to intervene, Doc. No. 115, is DENIED in its entirety.  The Court takes no action on the only other pending motion, plaintiffs' motion for attorney fees, as the parties report that it is settled in principle.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge